IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARILYN WOOD, etc., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0576-WS-B |
| ) | |
| WACHOVIA BANK, etc., et al., ) | |
| ) | |
|     Defendants. ) | |

### ORDER

This matter is before the Court on the plaintiff's motion to remand.  (Doc. 5).  The parties have filed briefs in support of their respective positions, (Docs. 5, 7, 10), and the motion is ripe for resolution.  After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to remand is due to be granted.

### BACKGROUND

The plaintiff filed suit in Mobile County against defendants Wachovia Bank ("Wachovia") and its employee, Michele Manning.  Wachovia removed on the basis of diversity of citizenship.  (Doc. 1).  The plaintiff agrees that the amount in controversy exceeds $75,000, but she points out that both she and Manning are Alabama citizens.  Wachovia responds that Manning was fraudulently joined.

### DISCUSSION

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *Coker*

*v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).  Conversely, if no such possibility exists, the joinder is fraudulent as a matter of law.  *Id.* at 1440.[1]  There must be "no *reasonable* possibility" of legal liability; a mere *theoretical* possibility will not prevent a conclusion of fraudulent joinder.  *Legg v. Wyeth*, 428 F.3d 1317, 1325 & n.5 (11th Cir. 2005) (emphasis added).   The burden is on the defendant to make the required showing by "clear and convincing evidence."  *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  "[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *accord Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("[A]ny ambiguity or doubt about the substantive law favors remand to state court.") (internal quotes omitted).

     According to the complaint, the plaintiff entered a contract with Wachovia to maintain an account there, into which would be placed funds collected as real and personal property tax revenues for Mobile County.  It was understood that some taxpayers would pay by credit card, and a third party would administer these payments in exchange for certain fees ("merchant fees") to be paid from the account.  Wachovia and Manning, its vice-president, represented that they had undertaken an analysis and determined that interest earned on the account balances would be more than enough to pay all bank fees and merchant fees.  Manning, individually and as Wachovia's agent, agreed to monitor the account on a monthly basis to confirm there would be sufficient interest accumulation to offset all bank and merchant fees.  Manning and Wachovia failed to monitor the account, which resulted in an account deficit and Wachovia's assertion that the plaintiff owes over $400,000 in merchant fees. (Doc. 1, Exhibit A at 1-3).

---

[1] *Accord Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (the issue is "whether the facts alleged in Plaintiffs' complaint state even an arguable cause of action under Georgia law") (emphasis omitted).

In Count One, the complaint alleges that Wachovia breached a contract to monitor the account.  In Count Two, the complaint alleges that Wachovia and Manning "voluntarily undertook the duty to monitor the Plaintiff's account" but negligently performed their duty, proximately causing damage to the plaintiff.  (Doc. 1, Exhibit A at 5).

According to Wachovia, "the only duties that Manning allegedly owed to Plaintiff were the contractual duties based upon Plaintiff's depository account with Wachovia," and Manning cannot be liable for the breach of a contract (or the negligent performance of a contract) to which she was not a party.  (Doc. 7 at 3-4).  However, the complaint on its face alleges that, in addition to (or in lieu of) a contractual duty by Wachovia to monitor the account, Manning herself voluntarily undertook a duty to monitor the account, which duty she performed negligently.  This is not an allegation that Manning breached Wachovia's contract or negligently performed Wachovia's contract but an allegation that she negligently performed a separate duty that she (as well as Wachovia) personally undertook.

"Alabama clearly recognizes the doctrine that one who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith."  *Bryan v. Alabama Power Co.*, 2009 WL 153932 at *10 (Ala. 2009) (internal quotes omitted).  Wachovia has not explained how, in the face of this rule and the complaint's clear pleading that Manning personally volunteered to monitor the account and negligently performed her resulting duty to use reasonable care, it is not reasonably possible for her to be held liable.  As the plaintiff points out, the mere fact that Manning was Wachovia's agent does not preclude her liability.  *See, e.g., J.C. Dukes & Associates General Contractors, Inc. v. West*, 991 So. 2d 194, 199 n.1 (Ala. 2008) ("[A] corporate agent who personally participates, albeit in his capacity as such agent, in a tort is personally liable for the tort ....").

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 5th day of November, 2009.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE